**Austin HAYDEN, et al.,**
**Plaintiffs-Appellees,**

v.

**Orison F. McDONALD, etc., et al.,**
**Defendants-Appellants.**

**No. 83–1041–MN.**

United States Court of Appeals,
Eighth Circuit.

Argued June 13, 1983.

Decided Sept. 29, 1983.

Rehearing Denied Nov. 16, 1983.

Jay M. Vogelson, Moore & Peterson, Dallas, Tex., for appellants.

James M. Strother, Larkin, Hoffman, Daly & Lindgren, Ltd., Norman L. Newhall and Timothy H. Butler, Lindquist & Vennum, Minneapolis, Minn., for appellees.

Before LAY, Chief Judge, SWYGERT, Senior Circuit Judge,[1] and ARNOLD, Circuit Judge.

PER CURIAM.

This is an appeal from an order of the district court granting partial summary judgment in favor of plaintiffs Austin Hayden, et al. We address sua sponte whether this judgment was improperly certified by the district court pursuant to Fed.R.Civ.P. 54(b). For the reasons that follow, we find that certification was an abuse of discretion and dismiss the appeal.

Although the rather tortuous procedural history of this case demands detailed explanation, for purposes of this appeal the facts may be briefly summarized. Plaintiffs, a group of investors, initially filed four separate complaints (now consolidated) in the district court against defendants alleging a number of violations of both federal and state securities laws. Three of these actions, each of which contained eight counts, are relevant to the instant appeal.[2] Counts I through IV alleged various violations of federal securities law; Count V alleged the sale of unregistered securities in violation of the Minnesota Blue Sky Law, Minn.Stat. § 80A.23 subd. 7; Count VI alleged fraud in the sale of securities, in violation of Minn.Stat. § 80A.01. By order dated March 12, 1982, the district court ruled that Count V "be bifurcated from the other issues presented by the pleadings . . . ."

Plaintiffs' motion for summary judgment on Count V was denied. Plaintiffs thereafter filed a "Motion for Ruling in Advance of Trial," seeking a ruling that the interests sold by defendants constituted "securities" under Minn.Stat. § 80A.14(q), and that all affirmative defenses be stricken. Following a selection of a jury, the district court ruled (1) that the interests sold by defendants were securities; (2) that "plaintiffs' motion to exclude testimony relating to the defenses of waiver, estoppel, and in pari delicto . . . be granted"; and (3) that plaintiffs' motion to exclude evidence concerning the tax consequences of the investment . . . is granted." The district court then entered judgment for plaintiffs in the amount stipulated by the parties. Six days later, this order was amended to the effect that "evidence which goes to prove the defense

---

1. The Honorable Luther M. Swygert, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit.

2. Nos. 4–80–620, 4–81–194, and 4–81–195.

of ratification shall be excluded *from trial"* (emphasis added).[3]

Defendants then filed the instant appeal. At the beginning of oral argument, defense counsel was questioned concerning the absence of a Rule 54(b) order. On its own motion, this court remanded the case to the district court "for the limited purpose for it to consider in its discretion the entry of a Rule 54(b) order, on a nunc pro tunc basis."[4] We concluded that order by specifying that "[i]n the event the court grants the certificate, this court will then consider whether the order of certification was appropriately entered."[5] That same day, the district court did, in fact, issue the Rule 54(b) certificate.[6]

Rule 54(b) empowers district courts to enter final judgment on some but not all of the claims in a multiple claim action "only upon an express determination that there is no just reason for delay." Certification should be granted only if there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Brunswick Corp. v. Sheridan,* 582 F.2d 175, 183 (2d Cir.1978).

■ Ordinarily, a district court's decision to certify a claim for immediate appeal under Rule 54(b) "merits substantial deference." *Curtiss-Wright Corp. v. General Electric,* 446 U.S. 1, 12, 100 S.Ct. 1460, 1467, 64 L.Ed.2d 1 (1979). That deference, however, rests on the assumption that the district court undertook to weigh and examine the competing interests involved in a certification decision. *Id.,* 446 U.S. at 10, 100 S.Ct. at 1466 ("[t]he reviewing court should disturb *the trial court's assessment of the*

equities only if it can say that the judge's conclusion was clearly unreasonable") (emphasis added).[7] For at least two reasons, we are persuaded that our usual deference would be misplaced in this case. The first involves the rather novel circumstances under which the district court rendered certification. As noted above, the district court was confronted with the certification motion approximately eight months after the judgment was entered, and only after the parties had filed extensive briefs and appendices to this court, and, indeed, only after the case had been argued on the merits to this court. The district court then issued the certificate on the same day it was presented. This context at least suggests that perhaps the proper consideration demanded of a Rule 54(b) motion was lacking, and that the district court might have been swayed by the already considerable amount of time expended in the appeal. It is settled, however, that "54(b) orders should not be entered routinely or as a courtesy to accommodation to counsel." *Panichella v. Penn RR,* 252 F.2d 452, 455 (3d Cir.1958), *quoted in Cullen v. Margiotta,* 618 F.2d 226, 228 (2d Cir.1980); *Page v. Preisser,* 585 F.2d 336, 339 (8th Cir.1978); *Brunswick Corp., supra,* 582 F.2d at 183; *Arlinghaus v. Ritenour,* 543 F.2d 461, 463–64 (2d Cir.1976).

Second, our concerns with regard to the dispatch in which the district court certified this judgment are to a great degree confirmed by the order itself. Rather than reflecting an "evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals," *Curtiss-Wright, supra,* 446 U.S. at 10, 100 S.Ct. at 1466, or

---

**3.** Presumably the reference to a "trial" refers to a subsequent trial on the federal and remaining state law claims.

**4.** *See, e.g., Local P–171 v. Thompson Farms Co.,* 642 F.2d 1065, 1072 (7th Cir.1981).

**5.** Order of June 17, 1983.

**6.** In its entirety, the order reads as follows: This Court previously entered judgment on the claim asserted by plaintiffs for failure to register under the Minnesota Blue Sky Act by orders dated December 14, 1982 and December 20, 1982. It is the opinion of the Court

that there is no just reason for delay in the rendition of final judgment in such respect. Accordingly,

IT IS HEREWITH ORDERED that the orders entered by the Court on December 14, 1982 and December 20, 1982 constitute the entry of final judgment nunc pro tunc on such claims referred to therein.

**7.** *See also id.,* 446 U.S. at 8, 100 S.Ct. at 1465 ("[a] district court must take into account judicial administrative interests as well as the equities involved").

even a "familiar[ity] with the case and with any justifiable reasons for delay," *Sears Roebuck & Co. v. Mackey,* 351 U.S. 427, 437, 76 S.Ct. 895, 901, 100 L.Ed. 1297 (1956), the order recites only the bare requisites of Rule 54(b) certification.[8] Although this circuit has declined to make mandatory a statement of reasons in connection with entry of judgment under Rule 54(b), and some circuits have so ruled,[9] the desirability of including such statements has been uniformly affirmed. *See, e.g., Cullen v. Margiotta, supra,* 618 F.2d at 228 ("We have strongly urged that ... district courts should not merely repeat the formulaic language of the rule ...."); *Rothenberg v. Security Management Co., Inc.,* 617 F.2d 1149, 1150 (5th Cir.1980) (where reasons for Rule 54(b) certification are unclear, "it may be necessary for adequate appellate review to require that the district court's reasons be stated"); *U.S. General, Inc. v. City of Joliet,* 598 F.2d 1050, 1051 n. 1 (7th Cir.1979) ("proper exercise of the trial court's discretion under Rule 54(b) also requires more than a recital of the statutory formula").

If, under Rule 54(b), our review of the district court's decision is limited to a determination of whether there was an abuse of discretion, and if, as in the present case, no reasons are furnished why that discretion was exercised, our judgment as to the propriety of certification is necessarily speculative both as to whether *any* consideration was given to the order, and if so, what factors were considered. And a reasoned, statement may provide other benefits as well. As stated in *Arlinghaus, supra,* 543 F.2d at 464:

The benefit of such a reasoned statement is not merely that, ... it will aid us in discharging our duty to review the district court's exercise of discretion in issuing the certificate ... but that it will aid the district judge himself. A decisionmaker obliged to give reasons to support his decision may find they do not; "the opinion will not write."

This is even more compelling, given that the Supreme Court has recently emphasized that our role is not to "reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are judicially sound and supported by the record." *Curtiss-Wright Corp., supra,* 446 U.S. at 10, 100 S.Ct. at 1466. For these reasons, we find that any deference due the district court's Rule 54(b) order is nullified in this case.

Moreover, we are able to conclude from the record before us that certification was inappropriate in any event. One court has summarized some of the relevant factors in reviewing Rule 54(b) certifications as

(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Allis-Chalmers Corp., supra,* 521 F.2d at 364.

The first criterion noted above may be dispositive in this case. It is apparent that the one adjudicated claim, the claim for rescission under Minn.St. § 80A.23 subd. 7, is certainly related to the claim for rescission under federal law, and also related to the yet undisposed claim for fraud under Minn.Stat. § 80A.01.[10] Although it may be true that the judgment for plaintiffs on the

---

**8.** *See* note 5 *supra.*

**9.** *See, e.g., Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360 (3d Cir.1975).

**10.** If anything, counsel for appellants' comments at oral argument best serve to illuminate why this case should not be in this court in its present posture. Counsel admitted that even an affirmance of the district court's judgment

rescission claim under Minnesota law might dispose of the federal rescission claim, its relationship to the other counts (including common law fraud and punitive damages) is less clear, particularly in light of the district court's reference to the upcoming trial. *See* n. 3 *supra.* Awaiting final disposition as to these outstanding claims is even more compelling here because we are to "construe[ ] [the Minnesota securities law] with the related federal regulation." Minn.Stat. § 80A.31 Finally, this case deals with essentially one set of facts, with which this court would need to refamiliarize itself on subsequent appeals. "A similarity of legal or factual issues will weigh heavily against entry of judgment under [Rule 54(b) ]." *Morrisson-Knudsen Co., supra,* 655 F.2d at 965. *Accord, Cullen v. Margiotta, supra,* 618 F.2d at 228 ("Judicial economy will best be served by delaying appeal until all issues can be confronted by this court in a unified package. Such a course is particularly desirable where ... the adjudicated and pending claims are closely related and stem from essentially the same factual allegations."). These considerations alone would preclude certification in this case.

Nor do we find any suggestion in the record of "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Brunswick Corp., supra,* 582 F.2d at 183. To the contrary, it appears that plaintiffs purchased the interests involved over a number of years, made repeated purchases, enjoyed both occasional dividends and tax benefits, and filed this suit only after the oil interests lost their luster. We discern no hardship or injustice in ordering these plaintiffs to await final disposition as to all claims.

Appeal dismissed.

---

would not dispose of the federal failure-to-register claims for "a few of the plaintiffs and a limited number of mineral interests involved." And if the appeal were dismissed, counsel speculated that "plaintiffs then will have the election to dismiss the remaining claims and permit a final judgment ... or try it all." We find the latter imminently preferable, given the strong policy against piecemeal appellate review, which should be clear beyond the need for citation of authority.