UNITED STATES FIRE INSURANCE COMPANY, The North River Insurance Company, Westchester Fire Insurance Company, Industrial Indemnity Company, First National Bank of Minneapolis, Marquette National Bank of Minneapolis, Marquette National Bank at University, Marquette Lake State Bank, Marquette State Bank of Columbia Heights, Marquette Bank & Trust Co. of Rochester, Golden Valley State Bank, First Brookdale State Bank, Security State Bank of Cannon Falls, Mid America State Bank of Highland Park, Mid America National Bank of Eagan, Hillcrest Mid America State Bank of Maplewood, State Bank of Worthington, and Citizens State Bank of Ontonagon, Michigan,

v.

SMITH BARNEY, HARRIS UPHAM & CO., INCORPORATED, Dorsey, Windhorst, Hannaford, Whitney & Halladay and Thomas S. Hay, and Smith Barney, Harris Upham & Co., Incorporated, Appellant,

v.

MINNESOTA STATE ZOOLOGICAL BOARD, Appellee.

No. 83–1386.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1983.

Decided Dec. 30, 1983.

Hubert H. Humphrey, III, Atty. Gen. of Minn., Richard S. Slowes, Asst. Atty. Gen., St. Paul, Minn., for appellee.

Oppenheimer, Wolff, Foster, Shepard & Donnelly, Elmer B. Trousdale, Edward M. Laine, David B. Potter, St. Paul, Minn., for appellant.

Before LAY, Chief Judge, FAGG, Circuit Judge, and NICHOL, Senior District Judge.*

* The Honorable Fred J. Nichol, United States Senior District Judge for the District of South Dakota.

LAY, Chief Judge.

This matter comes to us on appeal of an interlocutory order under a Rule 54(b) certification issued by the district court.[1] We find the district court erred in issuing the certificate and we therefore dismiss the appeal for lack of jurisdiction.

In August 1977, the Minnesota State Zoological Board contracted with a non-profit corporation—Zoo Ride, Inc.—to construct a monorail system. The Board and the corporation entered into an Installment Purchase Agreement by which the Board agreed to buy the monorail system from Zoo Ride over a twelve year period. Zoo Ride assigned its rights in the Purchase Agreement to an underwriter, Smith Barney, who in turn sold its rights in the Agreement as tax-exempt Certificates of Participation.

At the 1979–80 session, the Minnesota Legislature refused to appropriate sufficient funds for the Board to make the installment payments due the coming years. In April of 1980, the Board defaulted on the Purchase Agreement and was sued by the investors in state court.

The Minnesota State Supreme Court held that under state law, the Board and the State could not incur any financial obligation without a prior appropriation of funds by the legislature. *United States Fire Insurance Co. v. Minnesota State Zoological Board,* 307 N.W.2d 490 (Minn.1981). It therefore held that the State could not be judicially required to pay unless and until the legislature chose to appropriate the necessary funds.

In September 1980, Smith Barney and the "bond counsel," Dorsey and Whitney, were sued by a group of banks and insurance companies in federal court under state and federal securities laws. Smith Barney filed a third party complaint to join the Zoo Board alleging that the Board had superior knowledge which it should have disclosed. The district court dismissed the third party complaint holding that the Zoo Board is an alter-ego of the state and did not explicitly or implicitly waive its immunity. The district court entered a final judgment on this issue under Fed.R.Civ.P. 54(b) and Smith Barney brought this appeal on that issue.

The standard for review of a Rule 54(b) order issued by the district court is extremely limited. In *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980), the Court stated:

There are thus two aspects to the proper function of a reviewing court in Rule 54(b) cases. The court of appeals must, of course, scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units. But once such juridical concerns have been met, the discretionary judgment of the district court should be given substantial deference, for that court is "the one most likely to be familiar with the case and with any justifiable reasons for delay." [*Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956).] The reviewing court should disturb the trial court's assessment of the equities only if it can say that the judge's conclusion was clearly unreasonable.

1. Fed.R.Civ.P. 54 states in part:

(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In the instant case, although the district court observed that Smith Barney's claim against the Zoo Board could be rendered moot if Smith Barney is not found liable for monetary damages, the court held that the "exigencies" of the case outweighed this factor and favored an immediate appeal. The district court listed the critical factors to be: (1) the dismissal of the third party action against the Zoo Board is not based upon a determination of the merits involving the same factual determinations as the principal claim; (2) a discrete legal issue is involved which would not have to be reviewed again on appeal; (3) the Zoo Board was substantially involved in the financing of the monorail, which is the subject matter of the principal action; (4) the trial of the principal issue will be lengthy, and if this court were to reverse the dismissal of the third party complaint following a full trial on the merits, there exists a potential of a further lengthy trial of the third party claim; and (5) the district court's docket is crowded and it is unlikely any substantial delay of trial will issue from an appeal at this time.

 As observed by the Supreme Court in *Curtiss-Wright,* we must give substantial deference to these findings. We are admonished that "the proper role of the court of appeals is not to reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are juridically sound and supported by the record." *Curtiss-Wright,* 446 U.S. at 10, 100 S.Ct. at 1466. However, the district court's exercise of discretion is not unlimited; it is to be judged against the "interest of sound judicial administration." *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956).

 Notwithstanding the verity of the reasons outlined by the district court, we cannot agree that those reasons provide a sound basis for justifying a piecemeal appeal. The third party complaint by Smith Barney against the Zoo Board involves allegations of wrongdoing which are totally distinct from those asserted by the purchasers of the certificates against Smith Barney. The purchasers allege that the offering memorandum and the accompanying legal opinion of counsel used by Smith Barney to sell the certificates were false and misleading. A trial on these allegations would probe Smith Barney's knowledge of the funding scheme for the monorail system and the materiality of any statements Smith Barney made about the system at the time the memorandum and the opinion were issued.

In contrast, in its complaint against the Zoo Board, Smith Barney alleges that the Zoo Board was aware of matters of legislative intent in regard to the system and that the Board had a duty to disclose this information to Smith Barney and did not. A trial on these issues would involve evidence as to information obtained by the members of the Zoo Board and the establishment of a duty of the members to disclose any such information. While some evidence might be relevant to both trials, we could not say that the two trials would be so similar that the interests of sound judicial administration require their consolidation. Similarly, we cannot say that allowing the purchasers to proceed on a trial of their allegations even if a later trial on Smith Barney's complaint might be necessary would be a waste of judicial resources.

Of greater significance is the remoteness of the possibility of a second trial. Before the district court otherwise would have to pass on the issues of the third party claim, plaintiffs first would have to carry a difficult burden to demonstrate under the securities laws fraud by Smith Barney. In addition, assuming plaintiff would be successful in these efforts, Smith Barney then would have to prevail in an appeal of the district court's decision on the sovereign immunity issue. This obviously points up the grave concern of mootness; that is, that the issues under the third party complaint may never ripen for adjudication. It also recalls that we should not engage in adjudicating sovereign immunity claims under the Constitution unless it is absolutely necessary to do so. In effect, the present appeal

seeks resolution of an important and complex question when the issue may never require adjudication.

We acknowledge that the district court has a full calendar and wishes to avoid duplicative litigation; however, courts of appeals are busy courts too. More importantly, the scope of our jurisdiction requires us to shun piecemeal and interlocutory appeals. Third party claims for indemnity for judgments that may never occur should seldom fall within the narrow exception of Rule 54(b). Although Smith Barney would like to adjudicate the issue immediately, there is no just reason not to defer the trial court's ruling until the matter has fully ripened for adjudication.

Under the circumstances, we find the district court certification was not reasonable and in error. We, therefore, dismiss the appeal for lack of jurisdiction. *See Hayden v. McDonald,* 719 F.2d 266 (8th Cir.1983).