**LITTLE EARTH OF UNITED TRIBES, INC., a Minnesota Nonprofit Corporation, and Little Earth Tenants' Committee, Appellants,**

v.

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Samuel R. Pierce, Jr., in his capacity as Secretary, United States Department of Housing and Urban Development, (HUD), John Doe and Mary Roe, Agents and Officials of HUD, and Donald Omodt, in his capacity as Sheriff of Hennepin County, Appellees.**

No. 83–2058.

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1984.

Decided July 5, 1984.

---

Larry B. Leventhal, Geoffrey R. Thrumston, Larry Leventhal & Associates, Minneapolis, Minn., for appellant Little Earth of United Tribes, Inc.

Randall Smith, Ann T. Laughlin, Legal Aid Soc. of Minneapolis, Inc., Minneapolis, Minn., for appellant Little Earth Residents' Council.

James M. Rosenbaum, U.S. Atty., Francis X. Hermann, Asst. U.S. Atty., Minneapolis, Minn., John P. Kennedy, Associate Gen. Counsel, Peter S. Race, Asst. Gen. Counsel, Sarah E. Canzoneri, Geoffrey L. Patton, Dept. of Housing and Urban Development, Washington, D.C., for federal appellees.

James M. Rosenbaum, U.S. Atty., Francis X. Hermann, Asst. U.S. Atty., Minneap-

olis, Minn., Sarah E. Canzoneri, Geoffrey Patton, Attys., Dept. of Housing and Urban Development, Washington, D.C., of counsel.

Before BRIGHT and BOWMAN, Circuit Judges, and SWYGERT,* Senior Circuit Judge.

PER CURIAM.

The suit underlying this appeal arose after the Department of Housing and Urban Development (HUD) began advertising a nonjudicial foreclosure sale on the Little Earth housing project in Minneapolis, Minnesota. To block the foreclosure, appellants Little Earth of United Tribes, Inc. (Little Earth), owner of the project, and Little Earth Residents Council (Residents Council) brought suit against HUD, some of its officials, and the county sheriff. The appellants sought to have the foreclosure enjoined, alleging that HUD had (1) improperly denied the project rent increases and other subsidies with which the project could have avoided default, (2) violated the Administrative Procedure Act and the National Environmental Policy Act by failing to consider alternatives to and consequences of the proposed foreclosure, (3) negligently supervised the design and construction of the project, and (4) discriminated on racial grounds against the project's owners and tenants, who are mostly American Indians. The appellants requested an injunction against foreclosure, declaratory relief on the various allegations of improper agency action, and damages for violations of their civil rights.

The district court granted summary judgment in favor of HUD and the other appellees on the "administrative" allegations (allegations (1), (2), and (3) above). The discrimination claims were reserved for trial at a later date. The district court entered final judgment, pursuant to Fed.R. Civ.P. 54(b), on all the claims on which it entered summary judgment. Little Earth and the Residents Council now appeal from the grant of summary judgment.[1]

After entering judgment on the "administrative" claims, the district court granted Little Earth's and the Residents Council's motion for a preliminary injunction, barring foreclosure pending the resolution of the reserved discrimination claims. The district court also appointed a receiver *pendente lite* to operate the project.

The parties submitted briefs and argued the merits of the "administrative" issues to this court. On its own motion, however, this court raised the issue of the appropriateness of the district court's entry of final judgment on the "administrative" issues under Rule 54(b). The parties later submitted supplementary briefs on the Rule 54(b) question. After due consideration, we conclude that the district court improperly entered the final judgment on which this appeal rests. Accordingly, we do not now have jurisdiction to decide the merits of this case.

Rule 54(b) provides:

**Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated,

---

* The Honorable Luther M. Swygert, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. The district court subsequently also granted summary judgment on the damages portion of the civil rights claim, holding the payment of money damages barred by sovereign immunity.

That ruling is not now on appeal, no entry of final judgment under Rule 54(b) having been made relating to it. The sole remaining issue before the district court, then, appears to be whether to grant injunctive and declaratory relief on the civil rights allegations.

which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The Supreme Court has recently reiterated that the function of the district court under Rule 54(b) is "to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956)). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id.* at 8, 100 S.Ct. at 1465. "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments * * * a district court must take into account judicial administrative interests as well as the equities involved." *Id.* The principal judicial concern is "to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id.* at 10, 100 S.Ct. at 1466. *See also Sears, Roebuck & Co. v. Mackey*, *supra*, 351 U.S. at 438, 76 S.Ct. at 901 (Rule 54(b) "preserves the historic federal policy against piecemeal appeals").

■ The role of a court of appeals reviewing the decision of a district court to enter judgment under Rule 54(b) is "not to reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are judicially sound and supported by the record." *Curtiss-Wright, supra*, 446 U.S. at 10, 100 S.Ct. at 1466. In the case before us the district court gave no explanation for the decision to enter judgment under Rule 54(b), beyond the recita-

tion that there was no just reason for delay. Though this circuit does not require that a detailed statement of reasons accompany a Rule 54(b) entry of judgment, where the district court gives no specific reasons, our review of that court's decision is necessarily more speculative and less circumscribed than would be the case had the court explained its actions more fully. *See Hayden v. McDonald*, 719 F.2d 266, 269 (8th Cir.1983).

■ Several considerations lead us to conclude that the district court improperly entered final judgment on the issues now on appeal. First, we discern no "danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Id.* at 270 (quoting *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir.1978)). Even were we to hold for the appellants on the merits of their appeal, the case would merely be remanded to the district court for trial on those issues on which summary judgment was entered. However we might decide the merits of the "administrative" claims, the status of the housing project will remain intact, with a temporary injunction barring foreclosure and a receiver operating the project, until the district court decides the civil rights portion of the suit. After the district court decides those issues, the injunction and receivership would no doubt be continued pending appeal.[2] We see no hardship whatever to Little Earth or the Residents Council in deferring consideration of the merits of their "administrative" claims until such time as their civil rights claims also have been adjudicated. As for HUD, even if we were now to affirm the grant of summary judgment on the "administrative" claims, foreclosure would still be barred by the temporary injunction pending the district court's disposition of the civil rights claims and, presumably, any appeal of that disposition to this court. Thus there appear to be no equitable considerations on either side weighing in favor of our deciding the merits of this appeal now rather than after the

2. Little Earth and the Residents Council have already indicated that they will likely appeal from any adverse decision on their civil rights claims.

district court has decided all the issues in the case.

From the standpoint of judicial administration, likewise, we see no reason to reach the merits of the appellants' "administrative" claims at this time. It would clearly be more efficient to consider the case as a whole, including, that is, the civil rights issues, than to have to review the record in this case in detail once now, and then again later at such time as the civil rights issues come up on appeal.[3]

■ In the alternative, the parties have suggested that we consider this appeal as an interlocutory appeal from the denial of an injunction, under 28 U.S.C. § 1292(b). We decline to do so, however, because though the district court refused to enjoin foreclosure on any of the "administrative" grounds before us on this appeal, it did issue an injunction against foreclosure pending resolution of the civil rights claims. That injunction, which has not been appealed, will likely not be dissolved before the civil rights claims reach us on appeal. In view of the district court's decision to grant an injunction against foreclosure on other grounds, its refusal to grant a similar injunction on "administrative" grounds is moot. No purpose whatever would be served by our considering whether the district court acted properly in denying on some grounds an injunction it decided to issue on other grounds.

In granting summary judgment on the rent increase and subsidy denial issues, the district court declined to consider the propriety of HUD's actions because it deemed those actions unreviewable. Though we express no view on the issue of reviewability, we urge the district court to consider supplementing the record and making a determination as to whether, assuming reviewability, HUD's denial of rent increases and subsidy funds was proper. That way if, when the merits of the "administrative" claims reach us on appeal, we disagree with the holding of unreviewability, we will

have before us a full record on the basis of which to assess the propriety of the agency's actions. The need for a remand and another trial might thereby be avoided. We leave this matter to the discretion of the district court, which is in a better position than we to assess whether supplementing the record at this point in connection with its consideration of the civil rights claims would be more efficient than possible further proceedings at a later time.

Appeal dismissed.

---

**3.** The needless duplication of effort, and the consequent waste of judicial resources, is increased by the likelihood that a different panel of judges would hear the civil rights appeal than heard the "administrative" appeal, were two separate appeals on the merits allowed.