# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 07-3169

_____

| | | |
|---|---|---|
| Joseph McAdams; JBM, LLC; Florian Homm; Absolute Return Europe Fund, LTD; The Loyr Foundations; Europe Catalyst Fund; Richard Smyth, | * * * * * * | |
| Appellants, | * * | |
| v. | * * | Appeal from the United States District Court for the |
| William McCord; Daniel Moudy, | * * | Western District of Arkansas. |
| Appellees, | * * | |
| Lynn Bradley; David Colwell, | * * | |
| Defendants, | * * | |
| Moore Stephens Frost, PLC, | * * | |
| Defendant - Appellee | * | |

_____

Submitted: April 14, 2008
Filed: July 17, 2008

_____

Before GRUENDER, BALDOCK[1] and BENTON, Circuit Judges.

_____

[1]The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

GRUENDER, Circuit Judge.

This is an appeal from an order of the district court granting the appellees' motions to dismiss after the district court entered final judgment under Federal Rule of Civil Procedure 54(b). For the reasons discussed below, we find that district court abused its discretion by entering final judgment under Rule 54(b) and dismiss the appeal for lack of jurisdiction.

## I.    BACKGROUND

UCAP, Inc. ("UCAP") was a multi-state provider of mortgage lending and brokerage services. In November 2004, UCAP's subsidiaries filed for Chapter 11 bankruptcy, although UCAP apparently did not. UCAP eventually ceased operations, and its stock was delisted in 2005.

In 2006, Joseph McAdams; JBM Company, LLC; Florian Homm; Absolute Return Europe Fund, LTD; the Loyr Foundation; Europe Catalyst Fund; and Richard Smyth (collectively "investors"), various investors in UCAP, filed a complaint in state court against multiple defendants, including William McCord, a director of UCAP from November 2001 to February 2002, and Daniel Moudy, a former President and CEO of UCAP, as well as Moore Stephens Frost, PLC ("MSF"), which served as UCAP's auditor from November 2001 to July 2003. The investors filed an amended complaint a short time later. In their amended complaint, the investors alleged claims of fraud, state and federal securities violations, breach of fiduciary duty, and breach of contract. The investors claimed that McCord, Moudy and MSF defrauded them by inducing them to invest in UCAP through misrepresentations and false statements regarding UCAP's financial condition. The defendants removed the case to federal court. McCord then filed counterclaims against two of the investors who were also members of UCAP's board of directors, McAdams and Homm, for breach of contract, breach of promises and representations, and breach of fiduciary duty. McCord, Moudy and MSF filed motions to dismiss the investors' complaint.

On March 27, 2007, the district court granted the motions to dismiss, finding that the investors had failed to plead their claims properly under the heightened standards of pleading required by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat. 737, and Federal Rule of Civil Procedure 9. The investors then filed a second amended complaint. McCord, Moudy and MSF again filed motions to dismiss, most of which the district court granted on August 28, 2007. The district court, however, found that the breach of fiduciary duty claim against Moudy was sufficient to withstand the motion to dismiss and, therefore, it remains pending. The district court concluded its order by stating that "Defendant Moudy is directed to Answer the remaining claim in the Second Amended Complaint within twenty (20) days of the date of this Order." McCord's counterclaims against McAdams and Homm also remain pending.

Shortly after the district court's August 28 order, the investors filed a "Motion for Entry of Partial Final Judgment Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure," requesting that the district court enter a final judgment based on its August 28 order, making the order final and appealable. McCord, Moudy and MSF responded that entry of final judgment was inappropriate because there was no danger of hardship or injustice through delay that would be alleviated by immediate appeal and because judicial economy dictated delaying appeal until all issues could be confronted on appeal in a unified package. On September 6, 2007, the district court entered an order granting the investors' Rule 54(b) motion. The next day, September 7, 2007, the district court entered an amended order again granting the investors' motion but this time explicitly finding "that there [was] no just reason for delay in entering final judgment in connection with the Court's Order of August 28, 2007." The district court also found that "this action should be and hereby is administratively terminated pending investors' appeal. Upon conclusion of the appeal, Plaintiffs[] may file a motion to reopen the case." Pursuant to the September 7 order, the district court entered a final judgment in favor of McCord, Moudy and MSF on all claims except

-3-

the breach of fiduciary duty claim against Moudy and stated that "[t]he parties [had] thirty days from entry of [the] judgment on the docket in which to appeal." The district court, however, did not address McCord's counterclaims. The investors appealed, arguing that the district court erred in granting the motion to dismiss.

We decline to reach the merits of the appeal because we find that the district court abused its discretion in certifying the appeal under Rule 54(b) and conclude that we lack jurisdiction to consider this appeal.

## II.    DISCUSSION

"[F]ederal courts are courts of limited, not general, jurisdiction." *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). "Thus, every federal appellate court has a special obligation to consider its own jurisdiction." *Id.* at 522-23. We will raise jurisdictional issues sua sponte when we believe we lack jurisdiction, even if the parties do not address the issue. *Id.* at 523. "The jurisdiction of the federal appellate courts is limited to appeals from final decisions of the district courts, 28 U.S.C. § 1291, subject to the well-established exception[] set forth in . . . Fed. R. Civ. P. 54(b) . . . ." *Hope v. Klabal*, 457 F.3d 784, 788 (8th Cir. 2006). "Generally, a district court decision is final when the district court has rendered a decision that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Thomas*, 931 F.2d at 523 (internal quotations omitted).

Rule 54(b) allows a district court to enter a final judgment on some but not all of the claims in a lawsuit "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "In determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) (internal quotations omitted). "Certification should be granted only if there

exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983) (per curiam) (internal quotation omitted). We review a district court's decision to grant certification of a final judgment under Rule 54(b) for abuse of discretion. *Interstate Power Co.*, 992 F.2d at 807.

Our role in "reviewing the decision of a district court to enter judgment under Rule 54(b) is 'not to reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are judicially sound and supported by the record.'" *Little Earth of United Tribes, Inc. v. United States Dep't of Hous. & Urban Dev.*, 738 F.2d 310, 314 (8th Cir. 1984) (quoting *Curtiss-Wright v. General Electric Co.*, 446 U.S. 1, 10 (1980)). "Ordinarily, a district court's decision to certify a claim for immediate appeal under Rule 54(b) merits substantial deference. That deference, however, rests on the assumption that the district court undertook to weigh and examine the competing interests involved in a certification decision." *Hayden*, 719 F.2d at 268 (internal quotation omitted).

> Though this circuit does not require that a detailed statement of reasons accompany a Rule 54(b) entry of judgment, where the district court gave no specific reasons, our review of that court's decision is necessarily more speculative and less circumscribed than would be the case had the court explained its actions more fully.

*Little Earth of United Tribes*, 738 F.2d at 313; *see also Hayden*, 719 F.2d at 269.

Here, the district court provided no reasons or analysis to explain its decision to enter a final judgment under Rule 54(b) beyond its mere recitation in its September 7 amended order that there was "no just reason for delay." "Rather than reflecting an evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals, or even a familiarity with the case and with any justifiable reasons for delay, the order recites only the bare requisites of Rule 54(b) certification."

*Hayden*, 719 F.2d at 268-69 (internal quotations and alteration omitted); *see also Little Earth of United Tribes*, 738 F.2d at 313 ("In the case before us the district court gave no explanation for the decision to enter judgment under Rule 54(b), beyond the recitation that there was no just reason for delay.").

"Judicial economy will be best preserved by delaying appeal until all issues can be confronted by this court in a unified package. Such a course is particularly desirable where . . . the adjudicated and pending claims are closely related and stem from essentially the same factual allegations." *Hayden*, 719 F.2d at 270 (quoting *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980)). The investors' pending breach of fiduciary duty claim against Moudy and the dismissed claims arose out of essentially the same factual allegations involving alleged misrepresentations of UCAP's financial condition. Likewise, the litigation of McCord's counterclaims will also involve alleged misrepresentations of UCAP's financial condition. McCord's counterclaims allege that, as a member of the audit committee of the board of directors, McAdams had greater access to UCAP's financial information and records and thus had a duty to provide such financial information to McCord and to the other investors. McCord's counterclaims also allege that, as a member of the board of directors, Homm had fiduciary duties to the other shareholders, which he breached by diluting the value of UCAP and its share price by issuing additional shares of stock to himself and entities he controlled. McCord alleges that Homm's breach of his fiduciary duties directly and proximately caused UCAP's financial failure and that Homm knew or should have known this would occur in light of his access to UCAP's financial information and records as a member of the board of directors. Therefore, even if we were to decide this appeal on its merits, piecemeal appeals arising out of the same factual allegations would almost certainly result, which would require a future court to refamiliarize itself with this same complex set of facts on subsequent appeals. *See id.* Moreover, we are unable to discern any "danger of hardship or injustice through delay which would be alleviated by immediate appeal." *See id.* (quotation omitted).

"We acknowledge that the district court has a full calendar and wishes to avoid duplicative litigation; however, courts of appeals are busy courts too." *United States Fire Ins. Co. v. Smith Barney, Harris Upham & Co.*, 724 F.2d 650, 652 (8th Cir. 1983). Judicial economy and the need to avoid piecemeal appeals compel us to conclude that the district court abused its discretion in finding that entry of final judgment under Rule 54(b) was appropriate here. Therefore, we cannot resolve the merits of this appeal because we lack jurisdiction at this time. *See Interstate Power Co.*, 992 F.2d at 805; *United States Fire Ins. Co.*, 724 F.2d at 651; *Hayden*, 719 F.2d at 267.

## III. CONCLUSION

Accordingly, we conclude that the district court abused its discretion by entering final judgment under Rule 54(b), and we dismiss this appeal for lack of jurisdiction.

_____