# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2499

———————

Walter Huggins,                              *
                                             *
          Appellant,                         *
                                             *   Appeal from the United States
    v.                                       *   District Court for the Eastern
                                             *   District of Missouri.
FedEx Ground Package System, Inc.;           *
Teton Transportation, Inc.; Swanston         *
Equipment Company,                           *
                                             *
          Appellees.                         *

———————

Submitted: March 11, 2009
Filed: May 26, 2009

———————

Before GRUENDER, ARNOLD, and BENTON, Circuit Judges.

———————

ARNOLD, Circuit Judge.

Walter Huggins filed an action in Missouri state court seeking damages for the injuries that he suffered in a motor vehicle accident. After defendant Teton Transportation, Inc., removed the case to federal district court, Teton and defendant FedEx Ground Package System, Inc., successfully moved for summary judgment. Mr. Huggins and the remaining defendant, Swanston Equipment Company, then filed a motion to certify the summary judgment rulings as final judgments under Fed. R. Civ. P. 54(b), and the court granted the motion. Mr. Huggins appealed and we dismiss the case *sua sponte* for lack of appellate jurisdiction.

Mr. Huggins was a passenger in a tractor-trailer driven by someone who he alleged was a FedEx employee when the accident occurred. (To simplify, we refer to this tractor-trailer as the FedEx vehicle in this opinion, though we do not consider whether FedEx employed its driver.) Before the collision, the FedEx vehicle was traveling west on an interstate highway in Missouri behind a tractor-trailer that Teton operated. As the Teton driver topped a hill, he immediately saw a Swanston truck in front of him on the left shoulder, perhaps slightly into his lane; the truck bore a sign stating, "Left Lane Closed Ahead." The Teton driver slowed and eventually stopped behind another vehicle. Shortly afterward, the FedEx vehicle ran into the back of the Teton tractor-trailer, resulting in Mr. Huggins's injuries.

We are obligated to consider *sua sponte* our jurisdiction to entertain a case where, as here, we believe that jurisdiction may be lacking. *Thomas v. Basham*, 931 F.2d 521, 522-23 (8th Cir .1991). We have jurisdiction over appeals "from all final decisions of district courts," 28 U.S.C. § 1291, and we generally consider only orders that dispose of all claims as final and appealable under § 1291. *Thomas*, 931 F.2d at 523; *see* Fed. R. Civ. P. 54(b). Rule 54(b), however, contains an exception, for it provides that "[w]hen an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Here the district court entered a final judgment in favor of fewer than all parties and stated in its certification order that there was "no just reason for delay," though it provided no additional explanation.

When deciding whether to certify a ruling as a final judgment under Rule 54(b), a "district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " *Curtiss-Wright Corp. v. General*

*Electric Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).  We have no doubt that the orders granting summary judgment to FedEx and Teton come within this definition of a final judgment.

But "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims," and the district court must determine that there is no just reason for delay. *Curtiss-Wright*, 446 U.S. at 8.  We generally review this determination for an abuse of discretion, giving "substantial deference" to the district court as the court " 'most likely to be familiar with the case and with any justifiable reasons for delay' ":  we thus do not "reweigh the equities" or "reassess" the district court's factual findings, *Curtiss-Wright*, 446 U.S. at 10 (quoting *Sears*, 351 U.S. at 437).  We have said, however, that such deference " 'rests on the assumption that the district court undertook to weigh and examine the competing interests involved in a certification decision,' " as the district court plainly did in *Curtiss-Wright*, 446 U.S. at 5-6.  *See McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008) (quoting *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983) (per curiam)); *cf. Federal Deposit Ins. Corp. v. Tripati*, 769 F.2d 507, 508 n. 3 (8th Cir. 1985).  If, as here, a district court's decision does not reflect an "evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals," *Curtiss-Wright*, 446 U.S. at 10, or show a "familiar[ity] with the case and with any justifiable reasons for delay," *Sears Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956), we scrutinize its decision carefully.  *See McAdams*, 533 F.3d at 928 (8th Cir. 2008); *Hayden*, 719 F.2d at 268-69; *see also Curtiss-Wright*, 446 U.S. at 10.

Though we may assume that the district court in this instance relied on the reasons set out in the motion for certification, those reasons – "[t]o avoid the potential for multiple trials ... and ... inconsistent jury verdicts involving the same incident" – fail to distinguish Mr. Huggins's case from any civil action where some, but not all, of the defendants are dismissed before trial.  And we have repeatedly stated that

Rule 54(b) certifications "should neither be granted routinely nor as an accommodation to counsel." *Guerrero v. J.W. Hutton, Inc.*, 458 F.3d 830, 833 (8th Cir. 2006) (internal quotation marks and citation omitted); *see Bullock v. Baptist Memorial Hosp.*, 817 F.2d 58, 59 n.2 (8th Cir. 1987); *Page v. Preisser*, 585 F.2d 336, 339 (8th Cir. 1978). Furthermore, " '[c]ertification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal' "; but neither the district court nor movants have directed our attention to such a danger and none is apparent from the record. *See McAdams*, 533 F.3d at 928 (quoting *Hayden*, 719 F.2d at 268).

In some cases, a sufficient reason for Rule 54(b) certification may be evident from the record, even though the court did not explain its reasoning. But this does not appear to us to be such a case. We therefore conclude that "[j]udicial economy will best be served by delaying appeal until all issues can be confronted by this court in a unified package. Such a course is particularly desirable where [as here] the adjudicated and pending claims are closely related and stem from essentially the same factual allegations." *Hayden*, 719 F.2d at 270) (internal quotation marks and citation omitted); *see McAdams*, 533 F.3d at 928.

We realize that 28 U.S.C. § 1292(b) allows an interlocutory appeal in some cases. But Mr. Huggins has not invoked this statute and neither of the procedural predicates for an appeal under this statute has been met: The district court has not stated that the order sought to be appealed "involves a controlling question of law" on which there is "substantial ground for difference of opinion" and that "an immediate appeal from the order may advance the ultimate termination of the litigation," and Mr. Huggins has not sought permission to appeal. *See id.* Even if the district court had made the statements that the statute requires and Mr. Huggins had asked permission to appeal, we would not have assumed jurisdiction over this case. We believe that our rationale for rejecting an interlocutory appeal in *Bullock* would have been applicable to the case before us:

This is simply a case where a number of defendants were sued and some of them have prevailed on a motion to dismiss. It is always true in such cases that there is a risk of having two trials. If, on appeal, plaintiffs succeed in establishing that the District Court was wrong in dismissing the complaint as to some of the defendants, then the case would have to be tried again. That is simply one of the costs of the final-judgment rule, costs which have already been weighed by Congress. The converse, of course, is that permitting appeals before final judgment causes delay, expense, and duplication of appellate process, especially in view of the fact that, statistically speaking, most appeals result in affirmances. No special circumstances exist in this case to indicate that the legislative weighing of costs and benefits that led to the final-judgment rule, a rule, incidentally, that has been the law ever since 1789, Judiciary Act of 1789, ch. XX, § 22, 1 Stat. 73, 84, should not be respected here.

*Bullock*, 817 F.2d at 60.

In sum, we see nothing about this case that would distinguish it from a mine-run multi-party lawsuit in a way that would allow us to assert jurisdiction over it. We therefore conclude that the district court abused its discretion in designating its orders granting summary judgment to FedEx and Teton as final judgments under Rule 54(b) and dismiss the appeal for lack of jurisdiction.

_____