# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 08-3380

—————

Robert Bryan Holt,

        Appellee,

v.

Larry Norris, Director of the Arkansas
Department of Correction,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Arkansas.
\*
\*  [UNPUBLISHED]
\*
\*

—————

Submitted: November 5, 2009
Filed: November 10, 2009

—————

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

—————

PER CURIAM.

Larry Norris, Director of the Arkansas Department of Correction (the State), appeals the district court's[1] order dismissing Robert Holt's 28 U.S.C. § 2254 petition without prejudice for failure to exhaust his state court remedies. Upon careful review of the record, we conclude the State is not an aggrieved party and thus does not have

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the findings and recommendation of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

standing to pursue this appeal.  See United States v. Northshore Min. Co., 576 F.3d 840, 846 (8th Cir. 2009) (ordinarily only party aggrieved by judgment of district court may appeal from that order; party who receives all the relief he sought generally not aggrieved party).  The State obtained the relief it sought, i.e., dismissal of Holt's § 2254 petition, and that fact that it would have preferred a dismissal, with prejudice, on statute of limitations grounds, does not make it an aggrieved party.  See Morris v. Horn, 187 F.3d 333, 339, 344 (3d Cir. 1999) (noting its conclusion that Commonwealth, which contended § 2254 petition was time barred, was not an aggrieved party for purposes of appealing dismissal of § 2254 petition for failure to exhaust where Commonwealth was free to raise limitations defense if subsequent § 2254 petition filed).  Accordingly, we dismiss the appeal for lack of jurisdiction. See Northshore Min. Co., 576 F.3d at 847 (standing is jurisdictional prerequisite for appeal); see also Huggins v. FedEx Ground Package Sys., Inc., 566 F.3d 771, 773 (8th Cir. 2009) (appellate courts are obligated to consider sua sponte jurisdictional issues, where it appears jurisdiction is lacking).

_____