# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1816

_____

David T. Clos,                                    *
                                                  *
             Appellant,                           *
                                                  *   Appeal from the United States
       v.                                         *   District Court for the
                                                  *   District of Minnesota.
Corrections Corporation of America, a             *
corporation; Daren Swenson, Warden,               *
                                                  *
             Appellees.                           *

_____

Submitted: February 12, 2010
     Filed: March 10, 2010

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

       David T. Clos, a former inmate of the Prairie Correctional Facility ("PCF") in Appleton, Minnesota, appeals the district court's order granting partial summary judgment in favor of Daren Swenson, the warden of PCF, and Corrections Corporation of America ("CCA"), which operates PCF. The district court certified the case for interlocutory appeal under Federal Rule of Civil Procedure 54(b) by entering final judgment on its partial summary judgment order. For the following reasons, we conclude that the district court abused its discretion by entering final judgment under Rule 54(b) and dismiss for lack of appellate jurisdiction.

## I. BACKGROUND

On March 7, 2005, Clos was convicted in Minnesota state court of criminal sexual conduct in the first degree for sexually assaulting his daughter when she was under the age of 13. *See* Minn. Stat. § 609.342.1(a). On November 2, 2005, Clos was transferred from the Wright County jail in Buffalo, Minnesota, to PCF. Clos remained at PCF until January 12, 2006, when he was transferred to the Lino Lakes Correctional Facility in Lino Lakes, Minnesota.

After leaving PCF, Clos filed a lawsuit against numerous defendants, including Warden Swenson and CCA, claiming, among other things, that he suffered disability discrimination related to his severe hearing loss while incarcerated at the Wright County jail and PCF. A magistrate judge recommended granting summary judgment in favor of Warden Swenson and CCA on all but one count of the complaint and granting summary judgment in favor of the other defendants on all counts. The district court adopted the magistrate's report and recommendation on January 27, 2009.[1]

Rather than continuing to litigate Clos's remaining claim against Warden Swenson and CCA, the parties decided to seek interlocutory appellate review of the district court's partial summary judgment order. The parties submitted to the district court a document entitled "Stipulation and Order for Dismissal and Entry of Judgment to Permit Appeal." In the stipulation, the parties agreed that Clos's remaining claim would be dismissed without prejudice but indicated that it would be "reinstated" if Clos should "prevail on appeal of any of the claims dismissed on summary judgment." The parties also agreed that "the dismissal of the remaining . . . claim will become

---

[1]Clos does not appeal the district court's grant of summary judgment in favor of the State of Minnesota, Wright County, and Gary Miller, the Sheriff of Wright County.

with prejudice" if the partial summary judgment order was affirmed on appeal. Asserting that Clos's remaining claim had been "resolved by settlement," the parties further agreed that "there is no just reason for delay in entering judgment pursuant to Fed. R. Civ. P. 54(b)" and asked the district court to "order entry of judgment based on Rule 54(b)." The parties then conditioned their agreement on the district court's willingness to enter judgment based on Rule 54(b), stating that "[i]f the Court declines to enter such Order, this Stipulation shall be considered to be withdrawn." Finally, the parties requested the district court to enter the stipulation as an order. The district court did not expressly adopt the stipulation, but it did certify its partial summary judgment order for interlocutory appeal under Rule 54(b) by attaching to the stipulation the following one-sentence order: "There being no just reason for delay, LET JUDGMENT BE ENTERED ACCORDINGLY as to the Court's Memorandum and Order for summary judgment dated January 27, 2009." The subsequently entered judgment made no reference to the stipulation, nor did it dismiss Clos's remaining claim against Warden Swenson and CCA. Rather, it simply entered judgment with respect to "the Court's Memorandum and Order for [partial] summary judgment dated January 27, 2009."

On appeal, Clos argues that the district court erred in granting partial summary judgment to Warden Swenson and CCA. Because we conclude that the district court abused its discretion in certifying the case for appeal under Rule 54(b), we dismiss for lack of jurisdiction.

## II.    DISCUSSION

"We are obligated to consider *sua sponte* our jurisdiction to entertain a case where, as here, we believe that jurisdiction may be lacking." *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam) (quoting *Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 773 (8th Cir. 2009)). We have jurisdiction under 28 U.S.C. § 1291 over "appeals from all final decisions of the district courts of the United

States." A final decision generally is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008) (quoting *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991)).

The parties in this case attempted to manufacture appellate jurisdiction by crafting a stipulation in which Clos tied the fate of his remaining claim to the outcome of his appeal. We have repeatedly condemned similar attempts to manufacture jurisdiction because they undermine the final judgment rule. *See, e.g. Fairbrook Leasing, Inc. v. Mesaba Aviation, Inc.*, 519 F.3d 421, 425 n.4 (8th Cir. 2008) ("Despite our frequent warnings, many lawyers use this dismissal-without-prejudice tactic to evade the statute limiting our appellate jurisdiction to the review of final orders."); *Great Rivers Coop. of Se. Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 688 (8th Cir. 1999) ("[A] dismissal without prejudice, coupled with the intent to refile the voluntarily dismissed claims after an appeal of the interlocutory order, is a clear evasion of the judicial and statutory limits on appellate jurisdiction."). Here, in addition to asking the district court to manufacture jurisdiction by dismissing Clos's remaining claim against Warden Swenson and CCA, the parties also asked the court to certify the case for interlocutory appeal under Rule 54(b). The district court did not accept the parties' invitation to conditionally dismiss Clos's remaining claim and thereby circumvent the final judgment rule, but it did certify the case for interlocutory appeal under Rule 54(b) by stating that there is "no just reason for delay" and by entering judgment on its partial summary judgment order. Thus, we must look to the Rule 54(b) certification to determine whether we have jurisdiction over this appeal.

Rule 54(b), which allows "a district court to enter final judgment on some but not all of the claims in a lawsuit," *McAdams*, 533 F.3d at 928, is a "well-established exception" to the final judgment rule, *id.* at 927 (quoting *Hope v. Klabal*, 457 F.3d 784, 788 (8th Cir. 2006)). A district court may certify a case for immediate appeal under Rule 54(b) "only if the court expressly determines that there is no just reason

for delay." Fed. R. Civ. P. 54(b). We review Rule 54(b) certifications for abuse of discretion. *Guerrero v. J.W. Hutton, Inc.*, 458 F.3d 830, 833 (8th Cir. 2006).

Before certifying that "there is no just reason for delay" under Rule 54(b), "the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *McAdams*, 533 F.3d at 928 (quoting *Interstate Power v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993)). "If, as here, a district court's decision does not reflect an evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals, or show a familiar[ity] with the case and with any justifiable reasons for delay, we scrutinize its decision carefully." *Huggins*, 566 F.3d at 774 (alteration in original) (citations and internal quotation marks omitted). Because interlocutory appeals under Rule 54(b) are "generally disfavored," *Clark*, 593 F.3d at 714 (quoting *Thermal Sci., Inc. v. U.S. Nuclear Regulatory Comm'n*, 184 F.3d 803, 806 n.5 (8th Cir. 1999) (per curiam)), "we will not assume jurisdiction over an appeal certified under Rule 54(b) 'unless there is some danger of hardship or injustice which an immediate appeal would alleviate,'" *id.* (quoting *Taco John's of Huron, Inc. v. Bix Produce Co.*, 569 F.3d 401, 402 (8th Cir. 2009)).

In this case, the district court's conclusory order provides no basis for finding that Clos will face hardship or injustice by waiting to appeal until his remaining claim against Warden Swenson and CCA is fully resolved. *See id.* at 715. "In the absence of a reasoned analysis by the district court, 'we may assume that the district court . . . relied on the reasons set out in the motion for certification.'" *Id.* (quoting *Huggins*, 566 F.3d at 774). Here, however, the parties failed to provide the district court with any reasons for allowing them to seek interlocutory review of the partial summary judgment order.[2] This case is indistinguishable from any civil action where some, but

---

[2]The parties appear to believe that their agreement to conditionally dismiss Clos's remaining claim provides necessary and sufficient justification for the Rule 54(b) certification. If the district court had in fact dismissed the lone remaining claim,

not all, claims are resolved by summary judgment, *see id.* (citing *Huggins*, 566 F.3d at 774), and "[o]ur cases are uniform in holding that we will not assume jurisdiction over a case certified to us under Rule 54(b) as a routine matter or as an accommodation to counsel," *Taco John's*, 569 F.3d at 402.  Moreover, this is not a case where "sufficient reason for Rule 54(b) certification [is] evident from the record." *See Huggins*, 566 F.3d at 774.

By certifying, without adequate explanation, that there is "no just reason for delay" under Rule 54(b), and by entering final judgment on its partial summary judgment order, the district court abused its discretion.  *See Clark*, 593 F.3d at 715-16 (citing *McAdams*, 533 F.3d at 929).  Accordingly, we lack jurisdiction to reach the merits of this appeal.  *See Huggins*, 566 F.3d at 775.

## III.   CONCLUSION

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

_____

however, it would have been unnecessary to invoke Rule 54(b), which allows district courts to certify cases for interlocutory appeal when at least one claim remains unresolved.  *See* Fed. R. Civ. P. 54(b) (allowing district courts to "direct entry of final judgment as to one or more, but fewer than all, claims or parties").  Thus, we do not read the parties' failed attempt to manufacture jurisdiction as a reason for Rule 54(b) certification.