# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2888

_____

| | | |
|---|---|---|
| Malich Reed, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| John Does, 1-4, FCI Forrest City; T. C. | * | Eastern District of Arkansas. |
| Outlaw, Warden, FCI - Forrest City; | * | |
| Breckon, Captain, FCI - Forrest City; | * | [UNPUBLISHED] |
| M Jemmott, Lt., FCI - Forrest City, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 6, 2012
Filed: January 26, 2012

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Federal inmate Malich Reed appeals following the district court's[1] adverse grant of partial summary judgment and denial of reconsideration in his action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

(1971). While the parties have not raised the issue, we conclude that we lack jurisdiction to entertain Reed's appeal. See Huggins v. FedEx Ground Package Sys., Inc., 566 F.3d 771, 773 (8th Cir. 2009) (where it appears jurisdiction is lacking, appellate courts are obligated to consider sua sponte jurisdictional issues). Specifically, there is no final judgment because Reed's excessive-force claim is still pending below, see 28 U.S.C. § 1291 (courts of appeals have jurisdiction of appeals from final decisions); Thomas v. Basham, 931 F.2d 521, 523 (8th Cir. 1991) (appeal was premature when some claims remained pending), and none of the exceptions to the final-judgment rule apply, see Huggins, 566 F.3d at 775 (interlocutory appeal under 28 U.S.C. § 1292(b)); Krein v. Norris, 250 F.3d 1184, 1187 (8th Cir. 2001) (collateral-order doctrine); Thomas, 931 F.2d at 523 (Fed. R. Civ. P. 54(b) certification). Accordingly, we dismiss the appeal as premature.

_____