# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1173

_____

Guy Heide; Michael A. Kosel;　　　　　*
Duane Taylor,　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellants,　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of Minnesota.
Calvin L. Scovel, Office of the　　　*
Inspector General, U.S. Department of　*　[UNPUBLISHED]
Transportation; Craig S. Singleton,　*
Office of the Inspector General, U.S.　*
Department of Transportation,　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellees.　　　　　　*

_____

Submitted: December 3, 2009
Filed: December 8, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Guy Heide, Michael Kosel, and Duane Taylor (plaintiffs) appeal following the district court's[1] order dismissing their civil action and the court's denial of their post-judgment motion. We conclude that plaintiffs' Fed. R. Civ. P. 59(e) motion to alter

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

or amend the judgment was filed more than ten days after the district court's entry of judgment, and therefore did not toll the time for filing the notice of appeal.  See Fed. R. App. P. 4(a)(4)(A) (stating as relevant that time to appeal runs from disposition of timely Rule 59(e) motion or from Rule 60 motion filed within 10 days of entry of judgment); cf. Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988) (motion for reconsideration filed more than 10 days following entry of judgment does not toll time for appeal).  Thus, plaintiffs' January 9, 2009 notice of appeal was timely only as to the November 10, 2008 order denying the motion to reopen, but not as to the underlying October 2, 2008 judgment.  See Fed. R. App. 4(a)(1)(A) (notice of appeal must be filed within 30 days of entry of judgment or order from which appeal is taken).  Because, however, the Rule 59(e) motion was untimely, the district court's November 10, 2008 order denying the motion was a nullity, and this court lacks jurisdiction to review that order.   See Sanders, 862 F.2d at 168 (if motion characterized as Rule 59(e) motion is untimely made, court loses jurisdiction over motion and any ruling on it becomes nullity); see also Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001) (this court lacked jurisdiction to review district court's decision on untimely Rule 59(e) motion).  Accordingly, we dismiss the appeal for lack of jurisdiction and denying all pending motions as moot.  See Huggins v. FedEx Ground Package Sys., Inc.,  566 F.3d 771, 773 (8th Cir. 2009) (appellate courts are obligated to consider sua sponte jurisdictional issues where it appears jurisdiction is lacking).

_____