# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3835

_____

| | |
|---|---|
| Grady Newingham, | * |
| | * |
| Appellant, | * |
| | * |
| Malik A. Khabir, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| Benny Magness, Chairman, Arkansas | * |
| Board of Correction; Drew Allen | * |
| Baker, Vice Chairman, Arkansas Board | * |
| of Correction; Kelly Pace, Arkansas | * |
| Board of Correction; Mary Parker, | * |
| Dr., Arkansas Board of Correction; | * |
| Leroy Brownlee, Arkansas Board of | * |
| Correction; W L Ferren, (Bill), | * |
| Arkansas Board of Correction, | * |
| | * |
| Appellees, | * |
| | * |
| J. Aaron Hawkins, Sr., Pastor, | * |
| Arkansas Board of Correction; Mike | * |
| Huckabee, Governor of Arkansas; | * |
| Mike Beebe, Attorney General of | * |
| Arkansas, | * |
| | * |
| Defendants, | * |
| | * |
| Larry Norris, Director, Arkansas | * |
| Department of Correction; Ray | * |

Hobbs, Deputy Director, Arkansas      *
Department of Correction; Grant Harris, *
Warden, Varner Unit, ADC; Thomas     *
Hurst, Assistant Warden, Varner Unit, *
ADC; Kim Luckett, Assistant Warden, *
Varner Unit, ADC; Yolanda Clark,     *
Captain, Varner Unit, ADC; Charles    *
Freyder, Chaplin, ADC; Tim Moncrief, *
Assistant Warden, Varner Super Max, *
ADC; James Gibson, Assistant      *
Director, ADC; David White, Warden, *
Maximum Security Unit, ADC,      *
     *

        Appellees,        *
     *

Justine Minor, Disciplinary Hearing   *
Officer, ADC; Juanita Mathis,      *
Disciplinary Hearing Officer, ADC;   *
Minnie Drayer, Disciplinary Hearing   *
Officer, ADC; Keith Waddle,      *
Disciplinary Hearing Officer, ADC;   *
Chris Coody, Disciplinary Hearing    *
Officer, ADC; Lorie Taylor,      *
Disciplinary Hearing Officer, ADC,   *
     *

        Defendants,       *
     *

Michael Hutchinson, Sgt., Varner    *
Super Max, ADC; Kenneth Tillman,    *
Lt., Varner Super Max, ADC; James    *
Barnett, Captain, Varner Super Max, *
ADC; Jacqueline Owens, Disciplinary *
Officer, Varner Super Max, ADC; Brian *
Cockrell, Corporal, Maximum Security *
Unit, ADC,      *
     *

        Appellees,        *

|                                                    | * |                                   |
| F. Raspberry, Sgt., Maximum Security               | * |                                   |
| Unit, ADC,                                         | * |                                   |
|                                                    | * |                                   |
| Defendant,                                         | * |                                   |
|                                                    | * |                                   |
| Larry May, Assistant Director, ADC;                | * |                                   |
| Tommy James, Assistant Warden,                     | * |                                   |
| Maximum Security Unit, ADC; Rick                   | * |                                   |
| Toney, Warden, Varner Super Max,                   | * |                                   |
| ADC; Ronald Bailey, Lt., Maximum                   | * |                                   |
| Security Unit, ADC,                                | * |                                   |
|                                                    | * |                                   |
| Appellees,                                         | * |                                   |
|                                                    | * |                                   |
| Does, John & Jane,                                 | * |                                   |
|                                                    | * |                                   |
| Defendant.                                         | * |                                   |

_____

| No. 08-2105 | Appeals from the United States District Court for the Eastern District of Arkansas. |

_____

| Grady Newingham,                         | * | [UNPUBLISHED] |
|                                          | * |               |
| Plaintiff,                               | * |               |
|                                          | * |               |
| Malik A. Khabir,, also known as Leroy    | * |               |
| McCoy,                                    | * |               |
|                                          | * |               |
| Appellant,                               | * |               |
|                                          | * |               |
| v.                                       | * |               |
|                                          | * |               |
| Benny Magness, Chairman, Arkansas        | * |               |
| Board of Correction; Drew Allen          | * |               |
| Baker, Vice Chairman, Arkansas Board     | * |               |

-3-

of Correction; Kelly Pace, Arkansas Board of Correction; Mary Parker, Dr., Arkansas Board of Correction; Leroy Brownlee, Arkansas Board of Correction; W L Ferren, (Bill), Arkansas Board of Correction; Larry Norris, Director, Arkansas Department of Correction; Ray Hobbs, Deputy Director, Arkansas Department of Correction; Grant Harris, Warden, Varner Unit, ADC; Thomas Hurst, Assistant Warden, Varner Unit, ADC; Kim Luckett, Assistant Warden, Varner Unit, ADC; Yolanda Clark, Captain, Varner Unit, ADC; Charles Freyder, Chaplin, ADC; Tim Moncrief, Assistant Warden, Varner Super Max, ADC; James Gibson, Assistant Director, ADC; David White, Warden, Maximum Security Unit, ADC; Michael Hutchinson, Sgt., Varner Super Max, ADC; Kenneth Tillman, Lt., Varner Super Max, ADC; James Barnett, Captain, Varner Super Max, ADC; Jacquiline Owens, Disciplinary Officer, Varner Super Max, ADC; Brian Cockrell, Corporal, Maximum Security Unit, ADC; Larry May, Assistant Director, ADC; Tommy James, Assistant Warden, Maximum Security Unit, ADC; Rick Toney, Warden, Varner Super Max, ADC; Ronald Bailey, Lt., Maximum Security Unit, ADC,

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

       Appellees.      *

-4-

_____

Submitted: October 2, 2009
Filed: February 4, 2010
_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

Former inmate Grady Newingham appeals the district court's denial of preliminary injunctive relief (No. 07-3835) under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Inmate Malik A. Khabir appeals the adverse grant of summary judgment (No. 08-2105) on his similar claims. Because Newingham was released from prison in May 2008, after the March 2008 final judgment in this lawsuit, his appeal from the denial of preliminary injunctive relief is moot. *See Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 835 (8th Cir. 2009) (where inmate is no longer incarcerated at facility where he was allegedly limited in observing a religious holiday, his injunctive claims are moot); *see also Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 773 (8th Cir. 2009) (when it appears jurisdiction is lacking, this court considers sua sponte its jurisdiction). We thus dismiss appeal No. 07-3835 for lack of jurisdiction.[1]

As to Khabir's appeal, the district court properly dismissed certain defendants under 28 U.S.C. § 1915A. *See Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (de novo review). Further, because Khabir admitted not administratively

_____

[1] Newingham's appeal from the adverse grant of summary judgment (No. 08-2102) was previously dismissed for failure to prosecute. Khabir's appeal from the denial of preliminary injunctive relief (No. 08-1165) was also previously dismissed as untimely.

-5-

exhausting his claims about the use of his religious name, their dismissal was mandatory. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). However, the dismissal should have been without prejudice. *See Calico Trailer Mfg. Co. v. Ins. Co. of N. Am.*, 155 F.3d 976, 978 (8th Cir. 1998).

The district court also correctly granted summary judgment on most of Khabir's First Amendment, equal protection, and RLUIPA claims against the remaining defendants. *See Mason v. Corr. Med. Servs., Inc.*, 559 F.3d 880, 884-85 (8th Cir. 2009) (standard of review). Remand is necessary, however, to resolve Khabir's claim under RLUIPA that he was denied a prayer rug. Relying on a statement from the Arkansas Department of Corrections' Islamic Coordinator opining that a prayer rug is a "convenience," not a religious "requirement," the district court denied relief. However, Khabir asserts that the Qur'an requires the use of a prayer rug to separate his body from the unclean floor. Therefore, the Islamic Coordinator's statement is not a sufficient basis to grant summary judgment. *See* 42 U.S.C. § 2000cc-5(7)(A) (defining religious exercise as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief"); *Van Wyhe v. Reisch*, 581 F.3d 639, 657 (8th Cir. 2009) ("We do not demand doctrinal justification to support the desired religious exercise, but the inmate does bear the burden of establishing a *substantial* burden on a religious exercise.") (emphasis in original).

However, Khabir's claim for monetary damages against defendants in their official capacities is barred by sovereign immunity. *See id.* at 655 (finding no waiver of sovereign immunity in RLUIPA). Further, in their individual capacities, defendants are entitled to qualified immunity from monetary damages because the Supreme Court did not hold until 2005 that RLUIPA bars inquiry into whether a particular belief or practice is central to an inmate's religion, *see Gladson*, 551 F.3d at 832-33, and the record shows Khabir complained about the confiscation of his prayer rug in 2003. *See Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009) (qualified immunity shields government officials from civil damages unless conduct violates

clearly established constitutional or statutory right of which reasonable person would have known). Khabir's claim for injunctive relief, however, is not barred by sovereign or qualified immunity. *Serna v. Goodno*, 567 F.3d 944, 952 (8th Cir. 2009) ("[T]he Eleventh Amendment bars damages claims against the states, but generally does not bar claims for prospective injunctive relief against public officials in their official capacities."); *Grantham v. Trickey*, 21 F.3d 289, 295 (8th Cir. 1994) (qualified immunity does not apply to claims for equitable relief).

Accordingly, we affirm in part, but reverse and remand on Khabir's claim for injunctive relief for use of a prayer rug. The district court may also reconsider whether to exercise supplemental jurisdiction over his state law claims. We also modify the dismissal of Khabir's unexhausted claims to be without prejudice.

_____