# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2255

_____

Curtis J. Neeley, Jr.,

   Appellant,

v.

NameMedia, Inc.; Network
Solutions, Inc.; Google, Inc.,

   Appellees.

     * 
* 
* 
* 
*  Appeal from the United States
*  District Court for the
*  Western District of Arkansas.
* 
* 
*  [UNPUBLISHED]
* 

_____

Submitted: July 26, 2010
Filed: August 12, 2010

_____

Before COLLOTON, HANSEN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Curtis Neeley, Jr., filed this interlocutory appeal from the district court's[1] grant of the defendants' motions to dismiss and for partial summary judgment. Neeley brought suit alleging a conspiracy by the defendants to "cybersquat" on two domain names that he had previously registered. *See* 15 U.S.C. § 1125(d)(1)(A). Neeley's domain registrations expired in 2003, while he was hospitalized, and NameMedia, Inc., purchased the domain names on the day the registrations expired. He further

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

alleges that the defendants ignored his alleged trademark rights. *See* 17 U.S.C. § 106. Neeley seeks injunctive relief and monetary damages. NameMedia has counterclaimed, alleging that Neeley's registration of <u>namemedias.com</u> constitutes cybersquatting. *See* § 11 U.S.C. § 1125(d).

On March 1, 2010, the district court granted summary judgment for NameMedia on some, but not all, of Neeley's claims and dismissed certain claims against Google, Inc. On May 20, 2010, the court dismissed Neeley's claims against Network Solutions, Inc., including his claims for injunctive relief.[2] Neeley filed this appeal from the March 1 and May 20 orders. The defendants filed a motion to dismiss the appeal, arguing that we lack jurisdiction because the appeal is interlocutory in nature.

Subject to certain limited exceptions, federal courts of appeals only have jurisdiction over "final decisions of the district courts of the United States." 28 U.S.C. § 1291. "A final decision generally is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Clos v. Corr. Corp. of America*, 597 F.3d 925, 928 (8th Cir. 2010) (quoting *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008)). One exception to the final judgment rule is set out in 28 U.S.C. § 1292(a)(1), which grants the courts of appeals jurisdiction over interlocutory appeals from orders refusing to grant an injunction.

The orders from which Neeley appeals are indisputably not final decisions under § 1291. *See Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 773 (8th Cir. 2009) ("[W]e generally consider only orders that dispose of all claims as final and appealable under § 1291."). However, the district court's denial of Neeley's claims for injunctive relief falls within § 1292's exception to the final judgment rule.

---

[2]In a separate order on the same day, the district court reconsidered parts of its March 1 order and reinstated some of Neeley's claims.

We therefore have jurisdiction over Neeley's appeal of that portion of the district court's order. *See Izaak Walton League of Am., Inc. v. Kimbell*, 558 F.3d 751, 763 (8th Cir. 2009). To the extent Neeley appeals other portions of the district court's orders, we grant the defendants' motion to dismiss. We review the district court's denial of Neeley's claims for injunctive relief for abuse of discretion. *See Coyne's & Co., Inc. v. Enesco, LLC*, 553 F.3d 1128, 1131 (8th Cir. 2009). We agree with the district court that Neeley has not shown irreparable harm or any likelihood of success on the merits. *See General Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 316 (8th Cir. 2009) (outlining the requirements for injunctive relief). We find no abuse of discretion and affirm. *See* 8th Cir. R. 47B.

_____