# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3432

_____

Taco John's of Huron, Inc., a South    *
Dakota corporation; Taco John's    *
of Jamestown, Inc., a North Dakota    *
corporation; Wisconsin Rapids TJ's,    *
Inc., a South Dakota corporation;    *
Taco John's of Iowa, Inc., an Iowa    *
corporation; Dual Brands, Inc., a    *
Minnesota corporation,    *  Appeal from the United States
   *  District Court for the District
         Appellants,    *  of South Dakota.
   *
     v.    *
   *
Bix Produce Company, LLC, a    *
Minnesota limited liability company,    *
   *
         Appellee.    *

_____

Submitted: June 11, 2009
Filed: June 25, 2009

_____

Before SMITH, ARNOLD, and SHEPHERD, Circuit Judges.

_____

ARNOLD, Circuit Judge.

The named plaintiffs in this class action, Taco John's franchisees in South Dakota, North Dakota, Wisconsin, Iowa, and Minnesota, sued Bix Produce Company and three other defendants alleging that the defendants, by providing contaminated

lettuce to Taco John's franchisees other than the plaintiffs, negligently caused economic damage to plaintiffs and other Taco John's franchisees.

The district court granted Bix's motion to dismiss for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), because it concluded that under South Dakota law, which all parties concede is applicable here, plaintiffs' alleged injuries were too remote to give rise to liability on Bix's part and because economic losses like the ones allegedly suffered here are not recoverable under general tort principles. The court then entered judgment in favor of Bix and granted the plaintiffs' motion to certify the matter for immediate appeal under Fed. R. Civ. P. 54(b). We dismiss for lack of jurisdiction.

Our cases are uniform in holding that we will not assume jurisdiction over a case certified to us under Rule 54(b) as a routine matter or as an accommodation to counsel and that we will not do so unless there is some danger of hardship or injustice which an immediate appeal would alleviate, *McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008). *See Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 774 (8th Cir. 2009). Here, the district court's certification was evidently based on the fact that a resolution of the issue of Bix's liability would have the effect of resolving the question of possible liability as to all the other defendants because the claims against all defendants were based on the same theory. We do not doubt that our resolution of this appeal would provide guidance to the parties and the court below. But the possibility that an early intervention might be helpful does not amount to the kind of justification for exercising jurisdiction that our relevant cases require.

The seminal case of relevance is *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980), where the Supreme Court held that a district court's certification under Rule 54(b) had indeed been proper. But the circumstances in that case present a stark contrast to present ones: In *Curtiss-Wright*, 446 U.S. at 3-4, the district court granted the plaintiff summary judgment for a $19 million outstanding balance due under contracts that it had performed (claims that were clearly severable from the ones

that were unresolved); and the expectation was that the trial on the remaining claims would not be concluded for a long time, perhaps for years.  The statutory interest rate on judgments at that time was significantly lower than the market rate, moreover, and so the successful plaintiff faced a real possibility that the value of its judgment would be considerably eroded absent an intervention by the court of appeals.  The parties point to no similar exigency in the present case and we have discerned none.  In short, we see no danger or hardship in allowing this case to take its ordinary course.

We therefore dismiss the appeal for lack of jurisdiction.

_____