# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1989

_____

Ronald Mark Clark, individually          *
and as next friend and guardian          *
of Forrest Manning, a minor;             *
Margaret Kelly Clark, individually       *
and as next friend and guardian          *
of Forrest Manning, a minor,             *
                                         *
          Plaintiffs-Appellants,         *
                                         *   Appeal from the United States
     v.                                  *   District Court for the
                                         *   Eastern District of Arkansas.
John Baka, M.D.; John V. Baka, M.D.,     *
P.A.; Saline County Medical Center;      *
Andrea Denise Hall, R.N.; Patricia       *
Lynn Dyer, R.N.; Continental             *   [PUBLISHED]
Casualty Company,                        *
                                         *
          Defendants,                    *
                                         *
Quorum Health Resources, LLC;            *
Hospital Management Professionals,       *
Inc.,                                    *
                                         *
          Defendants-Appellees.          *

_____

Submitted: January 13, 2010
    Filed:  February 2, 2010 (Corrected 2/5/10)

_____

Before GRUENDER and SHEPHERD, Circuit Judges, and JARVEY,[1] District Judge.
_____

PER CURIAM.

This is an appeal from an order of the district court granting summary judgment to defendant Quorum Health Resources, LLC.[2]  Although the summary judgment order did not dispose of the claims against several other defendants, the district court certified the case for interlocutory appeal under Federal Rule of Civil Procedure 54(b) by entering final judgment on the claims against Quorum.  For the following reasons, we conclude that the district court abused its discretion by entering final judgment under Rule 54(b) and dismiss the appeal for lack of jurisdiction.

## I.    BACKGROUND

Ronald and Margaret Clark are the grandparents and legal guardians of Forrest Manning.  On Manning's behalf, the Clarks filed a diversity action in the district court against Quorum and several other defendants, seeking damages for physical and neurological injuries Manning allegedly sustained during his birth at the Saline County Medical Center ("SCMC") in Benton, Arkansas.  Quorum, a hospital management company that provided a hospital administrator for SCMC, moved for summary judgment on December 15, 2008.  The district court granted Quorum's motion for summary judgment on February 12, 2009.

In lieu of proceeding with their claims against the other defendants, the Clarks filed a motion to amend the summary judgment order and enter final judgment under

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

[2]The district court's order also granted summary judgment to Hospital Management Professionals, Inc., but the Clarks do not appeal that decision.

-2-

Rule 54(b). In support of this motion, the Clarks argued that the order "effectively disposed of all" claims against Quorum and that they "ought to have the right to appeal and Quorum ought to have finality should there be no successful appeal." Quorum did not oppose the Clarks' motion. In an order filed March 31, 2009, the district court concluded that "judicial economy will be served" by granting the Clarks' motion and certified that "there is no just reason for delay" under Rule 54(b). Accordingly, the district court entered final judgment on its summary judgment order dismissing the Clarks' claims against Quorum with prejudice.

The Clarks subsequently filed this appeal, arguing that the district court erred in granting Quorum's motion for summary judgment. Because we find that the district court abused its discretion in certifying the case for appeal under Rule 54(b), we dismiss for lack of jurisdiction and decline to reach the merits of the appeal.

## II.    DISCUSSION

"[F]ederal courts are courts of limited, not general, jurisdiction." *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008) (alteration in original) (quoting *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991)). "Thus, every federal appellate court has a special obligation to consider its own jurisdiction." *Id.* (quoting *Thomas*, 931 F.2d at 522-23). "We are obligated to consider *sua sponte* our jurisdiction to entertain a case where, as here, we believe that jurisdiction may be lacking." *Huggins v. FedEx Ground Package Sys. Inc.*, 566 F.3d 771, 773 (8th Cir. 2009).

We have jurisdiction over "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. "[W]e generally consider only orders that dispose of all claims as final and appealable under § 1291." *Huggins*, 566 F.3d at 773. However, Rule 54(b) creates a "well-established exception" to this rule, *McAdams*, 533 F.3d at 927 (quoting *Hope v. Klabal*, 457 F.3d 784, 788 (8th Cir. 2006)), by allowing "a district court to enter a final judgment on some but not all of the claims

in a lawsuit," *id.* at 928. A district court may enter final judgment under this rule "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

We review a district court's decision to grant a Rule 54(b) certification for abuse of discretion. *Guerrero v. J.W. Hutton, Inc.*, 458 F.3d 830, 833 (8th Cir. 2006). Nevertheless, interlocutory appeals under Rule 54(b) are "generally disfavored." *Thermal Sci., Inc. v. U.S. Nuclear Regulatory Comm'n*, 184 F.3d 803, 806 n.5 (8th Cir. 1999) (per curiam). "[I]t is only the 'special case' that warrants an immediate appeal from a partial resolution of the lawsuit." *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993). "Our cases are uniform in holding that we will not assume jurisdiction over a case certified to us under Rule 54(b) as a routine matter or as an accommodation to counsel . . . ." *Taco John's of Huron, Inc. v. Bix Produce Co.*, 569 F.3d 401, 402 (8th Cir. 2009).

"In determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *McAdams*, 533 F.3d at 928 (quoting *Interstate Power*, 992 F.2d at 807). We must give "substantial deference" to the district court's certification decision because the district court is "most likely to be familiar with the case and with any justifiable reasons for delay." *Huggins*, 566 F.3d at 774 (internal quotation marks omitted) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980)). "[S]uch deference 'rests on the assumption that the district court undertook to weigh and examine the competing interests involved in a certification decision . . . .'" *Id.* (quoting *McAdams*, 533 F.3d at 928). It is not the role of appellate courts to "'reweigh the equities' or 'reassess' the district court's factual findings." *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 10). Thus, if the district court's order "does not reflect an evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals, or show a familiar[ity] with the case

-4-

and with any justifiable reasons for delay, we scrutinize its decision carefully." *Id.* (alteration in original) (internal quotation marks and citations omitted).

We have held that we will not assume jurisdiction over an appeal certified under Rule 54(b) "unless there is some danger of hardship or injustice which an immediate appeal would alleviate." *Taco John's*, 569 F.3d at 402 (citing *McAdams*, 533 F.3d at 928). In this case, the district court found that "judicial economy will be served" by an immediate appeal and that "there is no just reason for delay," but it provided no explanation to support these conclusions. Based on the district court's conclusory order, which fails to discuss "the interrelationship of the claims so as to prevent piecemeal appeals," *see Huggins*, 566 F.3d at 774 (quoting *Curtiss-Wright*, 446 U.S. at 10), we are unable to discern how or why the Clarks will face hardship or injustice by waiting to appeal until their claims against all the defendants are fully resolved by the district court.

In the absence of a reasoned analysis by the district court, "we may assume that the district court . . . relied on the reasons set out in the motion for certification." *See id.* Here, the Clarks did not argue that they would suffer hardship or injustice if the district court denied their Rule 54(b) motion. Rather, they simply asserted that the summary judgment order "effectively disposed of all" claims against Quorum and that they "ought to have the right to appeal and Quorum ought to have finality should there be no successful appeal." In making these assertions, the Clarks fail to distinguish this case "from any civil action where some, but not all, of the defendants are dismissed before trial." *See Huggins*, 566 F.3d at 774.

We conclude that the district court abused its discretion in certifying, without adequate explanation, that "there is no just reason for delay," and in entering final judgment under Rule 54(b). *See McAdams*, 533 F.3d at 929. Accordingly, we lack jurisdiction to reach the merits of this appeal. *See id.*; *Huggins*, 566 F.3d at 775.

## III.   CONCLUSION

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

_____