# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 11-1089

———————————————

Charvette Williams

*Plaintiff - Appellee*

v.

County of Dakota, Nebraska; Rodney Herron, in his official and individual capacity

*Defendants - Appellants*

——————————

Appeal from United States District Court
for the District of Nebraska - Omaha

——————————

Submitted: February 16, 2012
Filed: August 6, 2012

——————————

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

——————————

SHEPHERD, Circuit Judge.

Charvette Williams sued the County of Dakota, Nebraska, and former sheriff's deputy Rodney Herron (Defendants), alleging Title VII violations, sexual harassment by both the employer and individual supervisors, and violation of the Equal Pay Act. The County advanced a limited offer of judgment to settle the Title VII and Equal Pay Act claims in the amount of $2,439.20 plus interest, which Williams accepted. Williams then sought an award of attorney's fees on the partial judgment, and the

district court ultimately awarded $24,500 in attorney's fees to Williams in two separate orders. The district court certified its orders as final judgments under Federal Rule of Civil Procedure 54(b) so as to allow for an interlocutory appeal. Defendants now appeal, arguing that the court abused its discretion in failing to reduce the amount of the fee awards. We conclude that the district court abused its discretion by entering final judgment under Rule 54(b), and we dismiss this appeal for lack of jurisdiction.

I.

In January of 2007, Charvette Williams began work as a correctional officer at the Dakota County Jail. In September of 2008, she filed a written grievance regarding her rate of pay that was ultimately denied by the Dakota County Board. Two months later, Williams filed a charge of discrimination on the basis of pay with the Nebraska Equal Opportunity Commission (NEOC) and the Equal Employment Opportunity Commission (EEOC). Williams's charge was dismissed at the administrative level for lack of evidence.

On June 12, 2009, Williams filed a complaint in state court asserting the pay-related claims she previously raised administratively. Williams also alleged that the County maintained a hostile work environment and that she had been sexually harassed repeatedly by Herron. The case was subsequently removed to federal court, and Williams twice amended her complaint to correct defects in her pleading and to remove entities that were immune from suit. The second amended complaint named Dakota County and Herron as defendants and alleged claims in four separate counts: (1) the County violated Title VII by discriminating against Williams on the basis of her race and gender with respect to the terms and conditions of her employment, including pay; (2) the County, including Herron in his official capacity, violated Williams's equal protection rights by maintaining a work environment that was sexually hostile to women; (3) Herron acted in his individual capacity to violate

Williams's equal protection rights by maintaining a sexually hostile work environment; and (4) the County violated the Equal Pay Act by paying female employees less than their male counterparts for similar work performed under similar conditions.

On June 29, 2010, Defendants advanced a limited offer of judgment under Federal Rule of Civil Procedure 68(a) to settle the discriminatory pay claims in Counts 1 and 4. Defendants offered $2,439.20 plus interest and "reasonable costs . . . including attorneys fees." Williams accepted the offer, and the parties agreed that Counts 2 and 3, which consisted of the sexual harassment and hostile work environment claims, would continue to be litigated. Shortly thereafter, Williams filed a motion seeking $30,940 in attorney's fees based on 88.4 hours of work at the rate of $350 per hour. Defendants filed an opposing brief, supported by an affidavit from Defendants' attorney, which argued that the rate and amount sought by Williams was excessive. The court ultimately determined that counsel for Williams performed 88 hours of work and found $250 to be a more reasonable hourly rate than $350 under the circumstances. Two days later, the court, on its own motion, awarded Williams an additional $2,500 in attorney's fees for the time spent by Williams's counsel in responding to Defendants' objection to the original motion for attorney's fees.

Defendants subsequently moved to alter or amend the two orders awarding attorney's fees, requesting that they be certified as final judgments under Federal Rule of Civil Procedure 54(b) because there was "no just reason for delay." In her response, Williams agreed that the orders should be made immediately appealable and cited the hardship to Williams's counsel if payment of the attorney's fees were delayed. The court granted the motion and amended the orders awarding attorney's fees "to include a certification that there is 'no reason for delay' pursuant to Fed. R. Civ. P. 54(b)." Defendants now appeal.

## II.

Defendants argue that the district court abused its discretion by failing to limit the amount of attorney's fees. However, as an initial matter, we must determine whether we have jurisdiction to address Defendants' arguments at this time. Although both Williams and Defendants agree that Rule 54(b) certification was properly granted so as to litigate the issue of attorney's fees on appeal, the parties "may not create jurisdiction 'by waiver or consent.'" Outdoor Cent., Inc. v. GreatLodge.com, Inc., 643 F.3d 1115, 1118 (8th Cir. 2011) (citation omitted). "The federal courts are courts of limited, not general, jurisdiction. Thus, every federal appellate court has a special obligation to consider its own jurisdiction." Thomas v. Basham, 931 F.2d 521, 522-23 (8th Cir. 1991) (internal citation omitted). "We are obligated to consider *sua sponte* our jurisdiction to entertain a case where, as here, we believe that jurisdiction may be lacking." Huggins v. FedEx Ground Package Sys., Inc., 566 F.3d 771, 773 (8th Cir. 2009).

"[W]e generally consider only orders that dispose of all claims as final and appealable under [28 U.S.C.] § 1291." Id. "Rule 54(b) creates a well-established exception to this rule by allowing a district court to enter a final judgment on some but not all of the claims in a lawsuit." Clark v. Baka, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam) (citations and quotation marks omitted). However, the district court may enter final judgment under this rule "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). We review the court's decision to grant Rule 54(b) certification for an abuse of discretion, noting that such interlocutory appeals are "generally disfavored" and that "it is only the special case that warrants an immediate appeal from a partial resolution of the lawsuit." Clark, 593 F.3d at 714-15 (citations and quotation marks omitted).

-4-

When deciding whether to grant Rule 54(b) certification, the district court must undertake a two-step analysis. The court "'must first determine that it is dealing with a final judgment. . . . in the sense that it is an ultimate disposition of an individual claim.'" Outdoor Cent., 643 F.3d at 1118 (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)). Second, "[i]n determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." Id. (citation and quotation marks omitted). "Certification should be granted only if there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" Hayden v. McDonald, 719 F.2d 266, 268 (8th Cir. 1983) (per curiam) (citation omitted).

Generally, we give substantial deference to the district court's decision to certify orders under Rule 54(b) as the district court is "'most likely to be familiar with the case and with any justifiable reasons for delay.'" Clark, 594 F.3d at 715 (citation omitted). However, this deference "rests on the assumption that the district court undertook to weigh and examine the competing interests involved in a certification decision." Hayden, 719 F.2d at 268. Here, the district court's analysis of the motion for Rule 54(b) certification was limited to the following sentences:

> Defendants request that the judgments be altered or amended to include a certification that there is "no reason for delay" pursuant to Fed. R. Civ. P. 54(b). Plaintiff has filed a response agreeing that this court should so amend its judgments, so that the parties can litigate the attorney fee issue on appeal. The remainder of the case will proceed to trial. The court has reviewed the request and response and finds the motion should be granted.

A detailed statement of reasons why there is "no just reason for delay" need not accompany a Rule 54(b) entry of judgment, but "where the district court gives no specific reasons, our review of that court's decision is necessarily more speculative

and less circumscribed than would be the case had the court explained its actions more fully." Little Earth of United Tribes, Inc. v. United States Dep't of Hous. & Urban Dev., 738 F.2d 310, 313 (8th Cir. 1984) (per curiam). "If, as here, a district court's decision does not reflect an evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals or show a familiar[ity] with the case and with any justifiable reasons for delay, we scrutinize its decision carefully." Huggins, 566 F.3d at 774 (internal citations and quotation marks omitted).

"In the absence of a reasoned analysis by the district court, 'we may assume that the district court . . . relied on the reasons set out in the motion for certification.'" Clark, 593 F.3d 712 (quoting Huggins, 566 F.3d at 774). However, Defendants' motion for certification is devoid of any supporting rationale. Because of the failure by the district court and Defendants to provide any justification for Rule 54(b) certification, we are left to draw one of two conclusions: (1) the court abused its discretion by granting certification "as a routine matter or as an accommodation to counsel," see Taco John's of Huron, Inc. v. Bix Produce Co., 569 F.3d 401, 402 (8th Cir. 2009); or (2) the court relied on the reasons provided in Williams's response to Defendants' motion for Rule 54(b) certification, which is the only document in the record that gives any reason why an interlocutory appeal might be warranted. Assuming that the court took the latter approach, and further assuming that we may consider Williams's response when determining our jurisdiction, we nevertheless find that the certification was in error.

In her response to Defendants' motion for Rule 54(b) certification, Williams asserted that the orders awarding attorney's fees were final because they were "ancillary to the claims for which there ha[d] been an Order and Judgment ha[d] been entered." Williams also stated that "given the length and complexity of this action," delaying payment of the fees "will create great hardship to Plaintiff's counsel." We find these reasons insufficient to justify Rule 54(b) certification. Even if we accept that each of the orders awarding attorney's fees constituted a final judgment in the

sense that they were ultimate dispositions of individual claims, see Outdoor Cent., 643 F.3d at 1118, we cannot find any authority to support the contention that a delay in the payment of attorney's fees rises to the level of a "hardship or injustice" that is properly alleviated by interlocutory appeal. We have also found no authority suggesting that hardship experienced by counsel as opposed to a party herself is or ought to be a legitimate consideration in the Rule 54(b) analysis.

More importantly, had the court adequately considered judicial administrative interests when considering whether to grant Rule 54(b) certification, it should have determined that such interests weigh against allowing an interlocutory appeal in this case. For example, one of the major issues in the present appeal is whether the district court improperly compensated Williams for legal work that was performed on the remaining claims in Counts 2 and 3. This issue arguably turns on the extent of Williams's success in the litigation to this point and whether the settled claims and the remaining claims are related under Hensley v. Eckerhart, 461 U.S. 424 (1983). If Williams is ultimately successful in her remaining claims, the issue will become moot. And even if Williams is unsuccessful, the court will have the benefit of further litigation of the claims to reconsider whether Williams's remaining claims involved "a common core of facts" and were not "distinct in all respects" from her settled ones. See Hensley, 461 U.S. at 435, 440.

The district court's decision also conflicts with the interest in preventing piecemeal appeals. See Clark, 593 F.3d at 715. This case has already generated two interlocutory appeals, including this one. See Williams v. Cnty. of Dakota, Neb., No. 11-2894 (8th Cir. argued Feb. 16, 2012). If we were to find jurisdiction and reach the merits of this appeal, it is possible we would face yet another appeal after Williams's remaining claims are finally resolved. A future appeal might well involve the issue of attorney's fees; indeed, the district court's original order awarding attorney's fees tacitly acknowledged that the issue could reappear with regard to Williams's remaining claims when it noted that "[t]o the extent that an ultimate resolution of the

case requires it, any overlap in fees [between the settled and remaining claims] can be deducted from a subsequent award." Thus, the interest in judicial economy counsels that we wait until all possible claims can be resolved in a single appeal. See Outdoor Cent., 643 F.3d at 1119.

The district court did not offer an adequate explanation for why there was "no just reason for delay" in entering final judgment, and as the foregoing analysis demonstrates, "this is not a case where sufficient reason for Rule 54(b) certification is evident from the record." Clos v. Corr. Corp. of Am., 597 F.3d 925, 929 (8th Cir. 2010) (citation and alteration marks omitted). We conclude that the district court abused its discretion in granting Rule 54(b) certification to its orders awarding attorney's fees. Accordingly, we lack jurisdiction to reach the merits of this appeal.

III.

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

_____