# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1714
_____

David Lynn Jones; Skunk Deville Music

*Plaintiffs - Appellants*

v.

West Plains Bank & Trust Company; Roger Thompson

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville

_____

Submitted: September 21, 2015
Filed: December 28, 2015

_____

Before RILEY, Chief Judge, BYE and GRUENDER, Circuit Judges.

_____

BYE, Circuit Judge.

David Lynn Jones, a singer and songwriter doing business as Skunk Deville Music, sued West Plains Bank and Trust Company (West Plains Bank) and Roger Thompson for copyright infringement and conversion. The district court granted West Plains Bank's and Thompson's motion to dismiss Jones's claim for copyright infringement and denied Jones's motion for leave to file an amended complaint. The

district court then entered final judgment dismissing with prejudice the copyright infringement claim under Rule 54(b) of the Federal Rules of Civil Procedure.[1]

We conclude the district court abused its discretion by entering final judgment under Rule 54(b). We dismiss this appeal for lack of jurisdiction.

I.

This case arises out of the sale of audio tapes at a public foreclosure auction. From 1993 to 2002 or 2003, Jones recorded over one hundred and fifty songs on approximately twenty reels of recording tape, using two pieces of recording equipment: an Otari MX-80 recorder and an Otari CB-120 S auto locator and stand. At least thirty-nine of the songs recorded on the recording tapes are registered to Jones and Bluewater Music Corporation as performing arts copyrights. Jones and Bluewater also executed an "Exclusive Songwriter Agreement" in April 1991, under which Jones assigned to Bluewater all copyrights to his new and prior compositions in exchange for future royalties and payments for the tracks.

In 2009, Jones gave his recording equipment and recording tapes to Bobby Roberts, a recording engineer who owned a recording studio, so Roberts could convert the recordings from analog to digital format. In 2011, Roberts defaulted on a loan from West Plains Bank that was secured by the recording studio and equipment at the studio. West Plains Bank took possession of the equipment at Roberts's studio, including Jones's recording equipment and recording tapes, even though Roberts alleges he told the bank that the equipment and tapes belonged to a customer.

---

[1]The district court also certified its order regarding the proper measure of damages for Jones's conversion claim for an interlocutory appeal under 28 U.S.C. § 1292(b). Jones, however, has not appealed this issue, and we decline to exercise discretionary jurisdiction under 28 U.S.C. § 1292(b).

West Plains Bank sold the equipment and the tapes to Roger Thompson at a public foreclosure sale in August 2011. Following the sale, Jones sent numerous demands to West Plains Bank and Thompson to return the equipment and tapes. West Plains Bank and Thompson refused. Neither West Plains Bank nor Thompson ever copied, sold, or performed any of the recordings.

On June 6, 2012, Jones filed a complaint against West Plains Bank and Thompson, asserting claims for copyright infringement and conversion. In March 2014, West Plains Bank and Thompson filed a motion to dismiss the copyright infringement claim, arguing Jones failed to state a claim for copyright infringement because he had not applied for or registered sound recording copyrights for the tapes at the time he filed the lawsuit. The district court granted the motion to dismiss the copyright infringement claim on the grounds that copyright registration is a pre-condition for filing a copyright infringement claim and Jones, by his own admission, had not registered his claimed copyrights.

Five days later, Jones received sound recording copyright registrations for a number of songs on the tapes. Jones subsequently filed a motion for reconsideration of the order granting the motion to dismiss, arguing the district court erred by dismissing the copyright infringement claim because Jones had previously held performing arts copyright registrations for the songs on the tapes, and his newly acquired sound recording copyright registrations also related back to the date the songs were created.

The district court denied Jones's motion for reconsideration. The district court held that Jones could not state a claim for copyright infringement because Jones did not allege the defendants reproduced or copied the original compositions, merely that they possessed the recordings. Since Thompson's mere possession of the recordings did not interfere with Jones's exclusive rights under the Copyright Act, the district

court reasoned that the "necessary element of copying" for a claim of copyright infringement was missing.

Jones then filed a motion for leave to file a first amended complaint, within the time the district court allowed to file amended pleadings. Jones's proposed first amended complaint still asserted claims for copyright infringement and conversion, but it included additional factual allegations and also listed as a basis for the copyright infringement claim the sound recording copyrights that Jones obtained while this litigation was pending. The district court denied the motion for leave to file a first amended complaint on the grounds that it had already addressed the copyright claim and the issues the proposed amended complaint raised.

Jones moved for entry of judgment on the copyright infringement claim under Rule 54(b) of the Federal Rules of Civil Procedure. The district court granted Jones's request and certified its order denying Jones's motion for reconsideration and subsequent motion for leave to file an amended complaint as a final and direct entry of judgment under Rule 54(b). This appeal followed. Jones's claim for conversion is still pending before the district court.

II.

Before addressing the merits of an appeal, we are required to independently consider our jurisdiction. Outdoor Cent., Inc. v. GreatLodge.com, Inc., 643 F.3d 1115, 1118 (8th Cir. 2011). While parties may typically appeal only final orders that dispose of all claims, Rule 54(b) of the Federal Rules of Civil Procedure allows a district court to enter a final judgment on fewer than all claims if the court determines there is no just reason for delay. Fed. R. Civ. P. 54(b).

"Rule 54(b) is to be used sparingly . . . ." Alpine Glass, Inc. v. Country Mut. Ins. Co., 792 F.3d 1017, 1020 (8th Cir. 2015). To grant Rule 54(b) certification, the

-4-

district court "must first determine that it is dealing with a 'final judgment'" that disposes of a claim. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980). Next, the district court must determine there is "no just reason for delay," considering "both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." Williams v. Cty. of Dakota, 687 F.3d 1064, 1067 (8th Cir. 2012) (quotation omitted). "Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Id. (quotation omitted).

We review a district court's decision to grant Rule 54(b) certification for abuse of discretion. Id. Generally we defer to the district court's decision to certify a final judgment under Rule 54(b) because the district court is "most likely to be familiar with the case and with any justifiable reasons for delay." Clark v. Baka, 593 F.3d 712, 715 (8th Cir. 2010) (per curiam) (quotation omitted). But the district court must properly "weigh and examine the competing interests involved in a certification decision." Williams, 687 F.3d at 1068 (quoting Hayden v. McDonald, 719 F.2d 266, 268 (8th Cir. 1983) (per curiam)).

In this case, the district court did not properly weigh the Rule 54(b) factors when it entered judgment on the copyright infringement claim. The court reasoned that Rule 54(b) certification was proper "[b]ecause Jones's damages are based significantly on statutory damages for copyright infringement" and therefore a piecemeal appeal would "serve the needs of the parties" and likely avoid a trial if this Court affirmed the district court's order dismissing Jones's copyright infringement claim. But we do not assume jurisdiction under Rule 54(b) "as an accommodation to counsel . . . unless there is some danger of hardship or injustice which an immediate appeal would alleviate." Taco John's of Huron, Inc. v. Bix Produce Co., LLC, 569 F.3d 401, 402 (8th Cir. 2009). The district court cited no hardship or injustice which would result if Jones is not able to immediately appeal the order dismissing his copyright infringement claim, and none is apparent from the record.

Even if we accepted as a valid Rule 54(b) factor the interest in avoiding further litigation, it is not apparent that accepting jurisdiction and reaching the merits of Jones's appeal would further this interest. If we reversed the district court's order dismissing Jones's claim for copyright infringement, further litigation would obviously proceed. And even if we affirmed the district court's order dismissing Jones's claim for copyright infringement, his conversion claim would remain. Prior to this appeal, the district court entered an order determining the measure of damages for Jones's conversion claim, and the district court predicts a trial on the conversion claim is unlikely because it is "highly questionable" Jones will be able to establish damages for conversion. But Jones has not appealed the district court's measure of damages for conversion, even though the district court certified this issue for interlocutory appeal under 28 U.S.C. § 1292(b). Therefore, there remains a chance that even if we accept the Rule 54(b) certification and address the merits of this appeal, Jones will later appeal the measure of damages for conversion, which would create precisely the type of piecemeal appeal we seek to avoid.

We conclude the district court abused its discretion when it granted Rule 54(b) certification on Jones's claim for copyright infringement. Therefore, we lack jurisdiction to reach the merits of this appeal.

III.

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

_____